NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

## IN RE TERMINATION OF PARENTAL RIGHTS AS TO J.O. and R.O.

No. 1 CA-JV 24-0059

FILED 08-20-2024

---

Appeal from the Superior Court in Mohave County
No. S8015JD202200049
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Phoenix
By Robert Rosanelli
*Counsel for Appellant Alissa O.*

Arizona Attorney General's Office, Phoenix
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1        Alissa O. ("Mother") appeals the juvenile court's order terminating her parental rights to J.O. and R.O. We affirm as follows.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother is the biological parent of twins J.O. and R.O., born in October 2021. The Department of Child Safety ("DCS") became involved with the family upon learning the twins were born substance-exposed to methamphetamines, opiates, and THC. Thereafter, DCS removed the twins and started the dependency proceeding. In August 2022, the court adjudicated the twins dependent. DCS then placed the twins with their Maternal Great-Grandmother ("Great-Grandmother").

¶3        DCS offered various services to Mother, including substance-abuse services, mental-health services, drug testing, and parenting-skills services. However, Mother did not fully participate in those services, and they were closed unsuccessfully. Further, Mother repeatedly violated the terms of her supervised visitation of the twins by taking the twins from their placement.

¶4        In November 2023, DCS moved to terminate Mother's parental rights to the twins. The day before the termination hearing, Mother moved to appoint Great-Grandmother as permanent guardian for the twins. At the hearing on both motions, DCS's specialist opined that terminating Mother's parental rights would provide the twins with stability and that, without termination, Mother "would believe that she could just come in and take the twins whenever she wants to." She also testified Great-Grandmother can meet the twins' needs and provide them with permanency. The specialist did not support permanent guardianship for the twins because Mother would disrupt the children's stability with Great-Grandmother by attempting to assert her parental rights.

¶5        The juvenile court terminated Mother's parental rights on substance abuse and fifteen-months' out-of-home placement grounds. Mother timely appealed, and we have jurisdiction under Article 6, Section

9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 8-235, 12-120.21, and -2101(A)(1).

## DISCUSSION

**¶6**        We review a juvenile court's termination order for an abuse of discretion. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 29 (2023). The court, as the trier of fact in a termination proceeding, "is in the best position to weigh the evidence and assess witness credibility." *Id.* ¶ 30. We accept the court's factual findings unless no reasonable evidence supports them and will affirm a termination order unless the order is clearly erroneous. *Id.*

**¶7**        To terminate parental rights, the court must find by clear and convincing evidence the existence of at least one statutory ground under A.R.S. § 8-533 and find by a preponderance of the evidence that termination would be in the child's best interests. A.R.S. § 8-533(B); *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 286 ¶ 15 (App. 2016). Ultimately, the court's primary concern during the best-interests inquiry is "protecting a child's interest in stability and security." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4 ¶ 15 (2016) (quoting *Kent K. v. Bobby M.*, 210 Ariz. 279, 286 ¶ 35 (2005)). If "termination of parental rights would not be in the child's best interests," a court may establish permanent guardianship. A.R.S. § 8-871(A)(4).

**¶8**        Mother does not challenge the court's findings and conclusions regarding the statutory grounds for termination or that termination was in the children's best interests. Instead, her sole argument on appeal is that the court should have appointed a permanent guardian for the twins. She cites Arizona's Parents' Bill of Rights, A.R.S. §§ 1-601 *et seq.*, which provides that the State may not infringe on a parent's rights "without demonstrating that the compelling government interest as applied to the child[ren] involved is of the highest order, is narrowly tailored and is not otherwise served by a less restrictive means." A.R.S. § 1-601. Mother contends that permanent guardianship is a less restrictive means to assure the twins' safety than termination and, therefore, the court erred by terminating her parental rights.

**¶9**        We discern no error. Mother's argument assumes that permanent guardianship is sufficient to protect the twin's best interests in this case. But the court determined otherwise. Instead, it found that termination was in the twin's best interests and did so after expressly considering the option of permanent guardianship. The court found because the twins have been adjudicated dependent and placed under

guardianship for a significant time while DCS made reasonable efforts to reunify Mother with the twins, further efforts under a guardianship would not be productive. The court also found termination and the permanency of adoption was in the twins' best interests. Given this record—including Mother's disruptions to the twins' stability during their dependency—reasonable evidence supports the court's findings, and we may not second-guess them. *See Brionna J.*, 255 Ariz. at 478 ¶ 30. Thus, Mother cannot establish that permanent guardianship was a less restrictive means to assure the twins' safety.

¶10     Nor is any other error apparent upon review of the court's termination order. Despite DCS's diligent efforts, Mother did not remedy the circumstances that had caused the twins to remain in out-of-home care since July 2022. She failed to address her substance abuse issues and the impact on the twins. Mother failed to attend substance-abuse treatment throughout the case, remained unable to parent due to her unaddressed substance-abuse and mental-health issues, and did not show that she could safely parent the twins. Therefore, reasonable evidence supports the court's finding that Mother is unable to discharge her parental responsibilities for an indeterminate period of time due to her lack of resiliency, and termination was appropriate under A.R.S. § 8-533 and not clearly erroneous.

¶11     Because the juvenile court properly found terminating Mother's parental rights—and not establishing a permanent guardianship—was in the twins' best interests, the court did not abuse its discretion or violate the Parents' Bill of Rights.

## CONCLUSION

¶12     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV